# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISSY ISRAEL MAZZEO, ) | Case No.: 2:08-cv-01387-RLH-PAL |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion for Reconsideration–#181) |
| ) | |
| JAMES ARTHUR "JIM" GIBBONS et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| SIGMUND "SIG" ROGICH, ) | |
| ) | |
| Counter-claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRISSY ISRAEL MAZZEO, ) | |
| ) | |
| Counter-defendant. ) | |
| _____) | |

Before the Court is Defendant/Counter-claimant Sigmund "Sig" Rogich's **Motion for Reconsideration** (#181), filed March 29, 2010. The Court has also considered Plaintiff/Counter-defendant Chrissy Israel Mazzeo's Opposition (#182), filed March 31, 2010, and Rogich's Reply (#185), filed April 6, 2010.

1

## BACKGROUND

This dispute arises from Plaintiff Chrissy Mazzeo's allegations that Defendant James "Jim" Gibbons, the current Governor of Nevada, battered, falsely imprisoned, and attempted to sexually abuse her on October 13, 2006. According to Mazzeo's description of events, she escaped Gibbons' advances and threats and then notified authorities. Mazzeo claims Defendants subsequently engaged in an elaborate coverup to thwart an investigation of her charges against Gibbons, protect his political career, and hide Defendants' illegal acts.

On October 14, 2008, Mazzeo filed this lawsuit against Gibbons, Rogich, and others. In her Corrected Second Amended Complaint (#88), Mazzeo alleges Rogich conspired with state officials to deprive her of her First Amendment rights to free speech and to petition the government for redress of grievances by threatening her with retaliation. As such, Mazzeo claims Rogich is liable for damages under 42 U.S.C. § 1983.

The Court directs the reader to its previous order (Dkt. #173, March 19, 2010) for a detailed description of Rogich's counterclaim. On December 14, 2009, Mazzeo filed a Motion to Dismiss Rogich's Amended Counterclaim (#127). On March 19, 2010, the Court concluded that Rogich had not successfully stated a claim for abuse of process and granted Mazzeo's motion. (Dkt. #173, Order.) The Court held that Rogich had not properly alleged an improper act in Mazzeo's use of legal process. Because an improper act is a necessary element of the abuse of process tort, Rogich's claim could not survive.

On March 29, 2010, Rogich filed a Motion for Reconsideration of the Court's Order dismissing his counterclaim. For the reasons discussed below, the Court denies the Motion.

## DISCUSSION

Motions for reconsideration may be brought under 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has

been satisfied; or (6) any other reason justifying relief. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (holding that motions for reconsideration are not "the proper vehicles for rehashing old arguments") (footnotes omitted); *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (holding that motions for reconsideration are not "intended to give an unhappy litigant one additional chance to sway the judge").

Of the six circumstances justifying reconsideration that are enumerated in Rule 60(b), Rogich's Motion falls closest to a request grounded in newly discovered evidence. Rogich asks for reconsideration based on Mazzeo's deposition testimony, which she gave after the Motion to Dismiss was fully briefed. Rogich asserts that Mazzeo's testimony demonstrates that she has no facts upon which to base her claims against him, and therefore must have an improper motive for naming Rogich as a defendant. However, this new evidence has no bearing on the Court's determination that Rogich failed to state a claim for abuse of process.

To successfully state a claim for abuse of process under Nevada law, a plaintiff must allege: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute, and (2) the defendant willfully and improperly used the legal process to accomplish that purpose. *LaMantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002). Mazzeo's testimony is relevant only to the first aspect of an abuse of process claim: that her suit may have had an improper purpose and is based on ulterior motives. In its previous Order, the Court indicated that Rogich satisfied the first element of his abuse of process claim. His claim failed however under the second element: improper acts in the use of legal process.

Rogich provides no new legal or factual arguments regarding Mazzeo's use of the legal process. Instead, Rogich rehashes his allegations that Mazzeo's calling of contacts listed in Rogich's cellular phone records was improper. However, the Court throughly addressed this issue in its previous order:

> the act of calling a telephone number listed in properly discovered cellular phone records is not an improper act . . . Moreover, the Court doubts that the cellular phone records would be of any real use if Mazzeo was *not* allowed call these phone numbers and find out to whom they belong.

(Dkt. 173, Order 6.) Rogich fails to identify an improper act to support his abuse of process claim and this deficiency still precludes his claim. Accordingly, the Court denies Rogich's motion for reconsideration.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Rogich's Motion for Reconsideration (#181) is DENIED.

Dated: July 23, 2010.

_____
**ROGER L. HUNT
Chief United States District Judge**

4