# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISSY I. MAZZEO, | ) |
| Plaintiff, | ) Case No. 2:08-cv-01387-RLH-PAL |
| vs. | ) **ORDER** |
| JAMES ARTHUR GIBBONS, *et al.*, | ) (Emg. Mot Forbid Improper Objections - #218) |
| Defendants. | ) |

Before the court is Mazzeo's Emergency Motion to Forbid Attorney Walter Cannon from Making Improper Objections at Depositions and for Sanctions (Dkt. #218). The court has considered the motion, Defendants' opposition (Dkt. #221) and Plaintiff's reply (Dkt. #223).

The parties' multiple discovery disputes in this contentious litigation began even before the parties submitted separate proposed discovery plans. The court has conducted many discovery and dispute resolution hearings and conferences and has considered and decided a dozen or more discovery motions. Thankfully, after several extensions and adjustments, the discovery cutoff has expired.

In the current motion Plaintiff seeks an order prohibiting Attorney Walter Cannon from making improper speaking, argumentative, suggestive, and coaching objections during depositions in violation of Rule 30 of the Federal Rules of Civil Procedure. It was filed on an "emergency" basis because Plaintiffs' counsel expected the same problems would arise in two depositions scheduled within days of filing this motion. My practice is to preliminarily review every motion called an "emergency" the day it is filed. However, other cases, motions filed, scheduled hearings and settlement conferences do not afford me the luxury of dropping everything to hear a party's perceived "emergency" especially when it involves a case that has already taken an inordinate amount of the court's time (to the detriment of other litigants who need decisions in their matters) to resolve yet another in a series of routine

discovery disputes.  Thus, as the motion has worked its way up the tall stack of other matters on my desk, there are no longer any depositions to take.  I am not the Maytag repairman of federal judges desperately hoping for something to do.  Nevertheless, the motion remains on my docket until an order is entered, and Plaintiff's counsel seeks sanctions.

A rough draft of the deposition of Deputy Chief Greg McCurdy is attached as Exhibit "1" to the motion to support the arguments made by Plaintiff's counsel that Mr. Cannon engaged in improper and obstructive conduct for which he deserves to be sanctioned.  Plaintiff relies on the provisions of Rule 30(d)(2) which permit the court to impose an appropriate sanction, "including the reasonable expenses and attorneys fees incurred by any party on a person who impedes, delays, or frustrates the fair examination of the deponent."  Counsel for Plaintiff asks for attorney's fees and costs incurred for the necessity of filing this motion and "escalating sanctions for further misconduct" if it occurs.

Mr. Cannon filed an opposition to the motion which concedes "that at least some of the subject objections were overly verbose."  However, he denies that his "overly verbose" objections were made to coach the witness or for any other improper purpose.  He laments that "the objections were made out of frustration over the manner in which Plaintiff's counsel had conducted his depositions over the past fourteen (14) days."  Acknowledging there is never an excuse for failing to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, he asks that the Court not impose sanctions.  He also attaches excerpts of depositions conducted by counsel for the Plaintiff to support his position that Mr. Kossack engaged in the same objectionable conduct during his client's deposition taking "speaking objections to another level" to coach his client.  Other remarks about the conduct of Plaintiff's counsel throughout this case are made which are, at best, unseemly and will not be repeated in this order.  Mr. Cannon concludes that "the conduct of defense counsel during these depositions pales in comparison to that of Plaintiff's attorney" and therefore asks that the court deny Plaintiff's request for costs and attorneys fees.

Counsel for Plaintiff could not resist replying.  Mr Kossack's reply adds up the number of Mr. Cannon's improper objections during Mr. McCurdy's deposition and compares them to the number of improper objections Mr. Cannon accuses him of making.  Not wanting to miss an opportunity to engage

///

1  equally unseemly "tit-for-tat," Mr Kossack pads his reply with gratuitous comments which include a
2  reference to counsels' respective choice of beverages during depositions.
3          To ensure that reading the 185 pages of these exchanges was not a complete waste of time, I
4  assigned this motion to a law student extern to prepare a legal memorandum to further his education.  In
5  a short period of time he was able to prepare a well-written, concise memo which identified a large
6  number of state and federal cases throughout the country articulating the standards for making
7  deposition objections and identifying improper conduct for which lawyers have been admonished or
8  sanctioned.  He correctly concluded that both lawyers engaged in misconduct which violated Rule
9  30(c)(2).
10         The exchanges related in excruciating, repetitive detail in the moving and responsive papers and
11 their attachments were painful to read.  If I was an elementary school teacher instead of a judge I would
12 require both counsel to write the following clearly established legal rules on a blackboard 500 times:

> I will not make speaking, coaching, suggestive objections which violate Rule 30(c)(2).  I am an experienced lawyer and know that objections must be concise, non- argumentative and non-suggestive. I understand that the purpose of a deposition is to find out what the witness thinks, saw, heard or did.  I know that lawyers are not supposed to coach or change the witness's own words to form a legally convenient record.  I know I am prohibited from frustrating or impeding the fair examination of a deponent during the deposition.  I know that constant objections and unnecessary remarks are unwarranted and frustrate opposing counsel's right to fair examination.  I know that speaking objections such as "if you remember," "if you know," "don't guess," "you've answered the question," and "do you understand the question" are designed to coach the witness and are improper.  I also know that counsel's interjection that he or she does not understand the question is not a proper objection, and that if a witness needs clarification of a question, the witness may ask for the clarification.

20 Although these papers, and the conduct they relate, make me feel like a school marm scolding little
21 boys, I am the judge whose duty it is to decide this motion.  Accordingly, Mr. Kossack and Mr. Cannon
22 are admonished for engaging in conduct which I know you know violates Rule 30(c)(2).  You are better
23 men and better lawyers than the conduct in which you have engaged illustrates.
24 ///
25 ///
26 ///
27 ///
28 ///

Having reviewed and considered the matter,

**IT IS ORDERED** Plaintiff's "Emergency Motion" (Dkt. #218) is **GRANTED** to the extent that Mr. Kossack and Mr. Cannon are admonished. Sanctions in the form of memorializing their misconduct in this order are imposed.

Dated this 26th day of July, 2010.

                                        Peggy A. Leen
                                        United States Magistrate Judge