1
2
3
4            **UNITED STATES DISTRICT COURT**
5                **DISTRICT OF NEVADA**
6
7    CHRISSY ISRAEL MAZZEO,                    )
8                            Plaintiff,        )      Case No. 2:08-cv-01387-RLH-PAL
                                               )
9    vs.                                       )      **ORDER**
                                               )
10   JAMES ARTHUR "JIM" GIBBONS; *et al.,*     )      (Mot. Compel and for Sanctions - Dkt. #222)
                                               )
11                           Defendants.       )
                                               )
12   ─────────────────────────────────────────)
13          Before the court is Plaintiff Mazzeo's Motion to Compel and for Sanctions against the Clark

14   County District Attorney's Office and Chief Deputy District Attorney Lucinda L. Coumou (Dkt. #222).

15   The court has considered the motion, the Clark County District Attorney's office opposition (Dkt.

16   #227), and Plaintiff's reply (Dkt. #229).

17          Plaintiff seeks an order sanctioning Chief Deputy District Attorney Lucinda L. Coumou for: 1)

18   making a material misrepresentation to the court, or not correcting her material misrepresentation; 2)

19   advising Deputy District Attorney Danielle Pieper not to answer questions during her deposition; 3)

20   compelling Deputy District Attorney Danielle Pieper to answer certain questions asked in her

21   deposition; and 4) compelling the Clark County District Attorney's Office to produce its entire file

22   involved in the prosecution of Nick Griffith filed in Laughlin Justice Court.

23                              **BACKGROUND**

24          In a prior order (Dkt. #162) the court resolved a dispute between the Plaintiff and the Clark

25   County District Attorney's Office concerning a subpoena *duces tecum* served on the District Attorney's

26   Office for the file in the prosecution of Nicholas Charles Griffith for domestic violence charges made

27   against him by the Plaintiff, Chrissy Mazzeo.  The Clark County District Attorney's Office also filed a

28   Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c) seeking to prevent the

1   Plaintiff from deposing the prosecutor who handled the criminal charge against Mr. Griffith.  The court

2   conducted a hearing on both motions on January 26, 2010.  Robert Kossack appeared on behalf of the

3   Plaintiff, and Lucinda L. Coumou appeared on behalf of the Clark County District Attorney's Office.

4        The Plaintiff claimed the deposition of the prosecutor involved in Mr. Griffith's prosecution was

5   needed to support allegations made in her Amended Complaint that Plaintiff was the victim of severe

6   domestic violence in Laughlin, Nevada three months before the incident alleged in her Complaint.

7   Counsel for Plaintiff believed the case was negotiated in violation of state law, and Clark County Code,

8   and wanted to depose the Deputy District Attorney who handled the case.  The Clark County District

9   Attorney's Office objected to the deposition arguing all of Plaintiff's proposed questions would violate

10  the District Attorney's deliberative process privilege, *i.e.* the mental or deliberative processes involved

11  in reaching a decision to negotiate Mr. Griffith's case.

12       During oral argument Ms. Coumou represented that she had made inquiries and determined that

13  the District Attorney's Office criminal file relating to Mr. Griffith's prosecution had been destroyed.

14  She represented that the only information the District Attorney's Office had available to it concerning

15  the discovery Plaintiff sought was the recollection of the prosecutor who handled the case.  She

16  therefore asked that the court grant the motion to quash and enter a protective order precluding the

17  Plaintiff from deposing the prosecutor, asserting the work product privilege, and deliberative process

18  privilege precluded questioning about the prosecutor's preparation in handling of the case.

19       Counsel for Plaintiff argued during the hearing that he believed one or more of the named

20  Defendants in this case may have influenced or attempted to influence the District Attorney's Office in

21  the handling of the domestic violence case in which his client was a victim.  He openly doubted the

22  District Attorney's Office's claims that Griffith's file had been destroyed, and indicated he intended to

23  pursue a Custodian of Records deposition to inquire about the Office's document destruction policy.

24  He asked that the court allow the prosecutor's deposition to be taken to explore his claims this case was

25  negotiated in violation of state law and County code, indicating he believed he could show one or more

26  of the named Defendants in this action influenced the District Attorney's Office's handling of the case.

27       After reviewing the moving and responsive papers and the arguments of counsel, the court

28  granted in part and denied in part the District Attorney's Office's Motion for Protective Order.  The

1  court allowed counsel for Plaintiff to take the deposition of either the prosecutor or the Clark County

2  District Attorney's Office Rule 30(b)(6) designee to elicit factual information about Griffith's

3  prosecution, without inquiring into the prosecution's mental impressions or deliberative processes.  The

4  order indicated that counsel for Plaintiff may inquire into whether any of the named Defendants, their

5  staff, representatives, or persons purporting to represent them in any capacity contacted and/or

6  attempted to influence the District Attorney's Office in its handling of Mr. Griffith's case in which Ms.

7  Mazzeo was named as the victim.  The court denied the District Attorney's Office's Motion for

8  Protective Order to the extent it sought an order precluding the Plaintiff from noticing the deposition of

9  the prosecutor and/or a Rule 30(b)(6) designee of the District Attorney's Office, to provide factual

10  information about Mr. Griffith's prosecution for domestic violence charges against the Plaintiff.  *See*

11  Order (Dkt. #162).

12      After the hearing and the court's order (Dkt. #162), Plaintiff served the Clark County District

13  Attorney's Office with a subpoena to take its Custodian of Records deposition concerning its document

14  destruction policy.  Ms. Coumou called Plaintiff's counsel and sent a copy of the Office's document

15  destruction policy along with a cover letter indicating that misdemeanor cases are generally purged and

16  burned three months after the final disposition.  Ms. Coumou requested that Plaintiff's counsel vacate

17  the scheduled deposition, again representing that Griffith's file had been destroyed.  Counsel for

18  Plaintiff refused to vacate the deposition, and in a letter dated May 11, 2010, Ms. Coumou notified

19  Plaintiff that she had "now learned that the file was not destroyed, as I had earlier been told, but does

20  indeed exist."  A copy of Ms. Coumou's letter is attached as Exhibit "7" to the Plaintiff's motion.

21  Plaintiff's motion seeks sanctions for Ms. Coumou's failure to correct her misstatement to this court

22  that the Griffith file had been destroyed.

23      The Custodian of Records' deposition was taken May 13, 2010.  Jeanette Meyer appeared and

24  was deposed.  She stated that she went to the file room that holds all of the outlying cases, including

25  Laughlin, just to check and found the Griffith file on the shelf.  Plaintiff argues that same check could

26  have been conducted in January of this year.  Yet, despite drafting a Motion for Protective Order, Ms.

27  Coumou failed to send an e-mail to the Clark County District Attorney's Office's file clerk to check

28  whether Griffith's file had, in fact, been destroyed.

1    Plaintiff also asks for sanctions for Ms. Coumou's direction to Deputy District Attorney

2  Danielle Pieper not to answer questions permitted by the court.  On several occasions during Ms.

3  Pieper's deposition, she was directed not to answer on the basis of the deliberative process privilege.

4  Plaintiff's counsel argues that his questions were directed to obtaining factual information about

5  Griffith's prosecution, and involved information communicated to third parties which is not

6  confidential, and therefore, not privileged.  The motion contains a number of excerpts from Ms.

7  Pieper's deposition in which Ms. Coumou instructed her not to answer questions asserting the

8  deliberative process privilege.  Plaintiff requests that Ms. Pieper be ordered to return to complete her

9  deposition and answer properly placed questions at the Clark County District Attorney's Office's

10  expense.

11    Plaintiff also seeks to compel the District Attorney's Office to produce its entire file relative to

12  the prosecution of Nick Griffith for an in-camera review for the court to determine what additional

13  documents should be produced to Plaintiff.  Plaintiff's counsel requested that Ms. Coumou turn over

14  the file for in-camera review by this court, but she refused.  Counsel for Plaintiff does not believe that a

15  number of documents listed in the Clark County District Attorney's privileged document log are

16  actually privileged, and asks for an independent determination from this court.

17    The Clark County District Attorney's Office opposes the Motion to Compel and for Sanctions,

18  acknowledging that at the January 26, 2010 hearing, Ms. Coumou represented to the court that Mr.

19  Griffith's file had been destroyed.  Counsel represents that she made this representation to the court

20  after being told so by Teresa Driver, the Executive Assistant to the District Attorney who said that the

21  file had been destroyed.  On April 29, 2010, Plaintiff's counsel issued subpoenas to Deputy District

22  Attorney Danielle Pieper and the Custodian of Records for the District Attorney's Office for their

23  depositions on May 12 and 13, 2010.  On May 4, 2010, Ms. Coumou "expressed reservations" about

24  going forward with the Custodian of Records deposition, but Mr. Kossack indicated he wanted a copy

25  of the Office's record retention policy.  One was provided, but Mr. Kossack indicated he wished to

26  proceed with the Custodian of Records deposition.  Counsel for Clark County also acknowledges that

27  she declined counsel for Plaintiff's request that the court conduct an in-camera review of Mr. Griffith's

28  District Attorney's file.  She contends Mr. Kossack did not raise the issue again, she assumed that the

4

1   issue was moot.  However, at this point she will stipulate to an in-camera review of the criminal file and

2   has sent a letter to Mr. Kossack so indicating.

3         The District Attorney's Office also opposes the Motion to Compel and for Sanctions asserting

4   that counsel for Plaintiff did not make a good-faith effort to resolve these discovery issues without court

5   intervention before filing the motion.  Specifically, counsel for Clark County argues that Plaintiff's

6   counsel did not make a legitimate good-faith effort to resolve disputes concerning the instructions given

7   to Deputy District Attorney Pieper not to answer questions during the deposition, or follow up on his

8   request for an in-camera review of the Griffith file.  Counsel asserts that she merely objected and

9   instructed Pieper not to answer questions to preserve the limitation on the deposition the court ordered,

10  and that Mr. Kossack did not offer any legal support for his position the privilege was inappropriately

11  asserted during the deposition or before filing this motion.

12        Counsel for Clark County argues that she properly asserted objections and instructed Deputy

13  District Attorney Pieper not to answer numerous questions which were designed to elicit information

14  covered by the deliberative process privilege.  Clark County asserts that questions asked regarding

15  discussions between Deputy District Attorney Pieper and Mr. Griffith's defense counsel "go right to the

16  heart of the deliberative process privilege".  Counsel for Clark County also argues that questions

17  regarding securing witnesses to testify at Mr. Griffith's trial, and what exculpatory evidence was

18  provided to the District Attorney's Office is privileged.  Finally, Clark County contends that Mr.

19  Kossack's questions regarding how the Gibbons/Mazzeo incident may have affected the prosecution of

20  Mr. Griffith "are clearly designed to elicit information that is privileged."

21        Plaintiff replies that counsel for Plaintiff met his obligations under Rule 37(a)(1) to meet and

22  confer in good faith to attempt to resolve this matter without court intervention.  Ms. Coumou admits

23  that Mr. Kossack asked her to submit the District Attorney's Office privileged log and file on the

24  Nicholas Griffith prosecution to the court for in-camera review, but she refused to do so.  Counsel for

25  Plaintiff also relies on excerpts from the deposition transcript of Pieper indicating he pointed out the

26  reasons why the objections not to answer were inappropriate.  For the first time, in opposing the Motion

27  to Compel and for Sanctions, the District Attorney's Office agrees to submit its Griffith case file to the

28  ///

court for in-camera review.  Counsel for Plaintiff states that the response was the first indication he had that the District Attorney's Office was willing to change its position in this regard.

Plaintiff reiterates her position that Ms. Coumou violated Nevada Rule of Professional Conduct 3.3(a)(1) by failing to inform this court that her representation that the Griffith file had been destroyed was incorrect.  Plaintiff also reiterates arguments that Ms. Coumou's instruction to Pieper not to answer questions discussed with Griffith's counsel were improper because the discussions were not confidential, and therefore, not privileged.  Counsel for Plaintiff cites excerpts of Pieper's deposition indicating that Pieper volunteered information concerning her deliberative or mental thought processes "if it slammed Mazzeo" but asserted the deliberative process privilege "if it suited the District Attorney's fancy."  Counsel for Plaintiff also reiterates arguments that Ms. Pieper was instructed not to answer questions that clearly sought to elicit purely factual information about Griffith's prosecution, factual information in the District Attorney's possession, and whether or not the Plaintiff cooperated with the District Attorney.

## DISCUSSION

### A.    The Griffith File.

The Clark County District Attorney's Office produced Jeanette Meyer to testify as its Custodian of Records concerning Mr. Griffith's file.  The court has reviewed the excerpts of Ms. Meyer's deposition presented with these papers.  Ms. Meyer testified that, before her deposition, she went to the file room where Laughlin cases would have been kept, and the file "happened to be on the shelf."  She acknowledged the same check could have been done in January.  Mr. Kossack inquired whether Ms. Meyer knew if anyone had attempted to do that.  Ms. Meyer responded that she spoke with Tess Driver who indicated she (Driver) had contacted someone in Meyer's unit and had been told the file was destroyed.  Ms. Meyer explained that the file was not kept in the closed file area where Laughlin cases would normally be filed.  Rather, she found it in the file room where active cases are maintained.  Mr. Kossack inquired if Ms. Meyer had an explanation for why the file was still there although it was closed months earlier.  Ms. Meyer testified that there was a note on the outside of the file stating it should not be destroyed.  She did not recognize the handwriting on the note on the outside of the file.

///

6

1    Acting on behalf of the Clark County District Attorney's Office, Ms. Coumou told the court Mr.

2    Griffith's file had been destroyed.  The representation was inaccurate.  It was based on information Ms.

3    Coumou received from Ms. Driver who made an inquiry from some unknown person in the unit

4    maintaining office files.  It is undisputed that the District Attorney's Office has a document destruction

5    policy with respect to closed misdemeanor files, and that pursuant to that policy, Griffith's

6    misdemeanor file would ordinarily have been destroyed given its age.  It is also undisputed that

7    Griffith's file was searched for in the closed file area for Laughlin cases.  The court agrees with counsel

8    for Plaintiff that the District Attorney's Office could have, and should have, made a more thorough

9    inquiry and search for Mr. Griffith's file before making a representation to the court that the file had

10   been destroyed.  Someone in the District Attorney's Office placed the file in the active file area and put

11   a note on it not to destroy the file.  The existence of the file was only discovered because Mr. Kossack

12   insisted on going forward with the Custodian of Records deposition.  The court appreciates that the

13   District Attorney's Office handles a high volume of felony and misdemeanor cases and employs

14   hundreds of people.  However, something as simple as sending an office-wide e-mail memo to

15   determine the fate of this file would have obviated the need for this motion and the court's intervention.

16   The Clark County District Attorney's Office is admonished for its failure to make an adequate inquiry

17   concerning the status of the file and will be required to reimburse Mr. Kossack for the court reporter's

18   fee for taking Ms. Meyer's deposition and the cost of an original and one copy of her deposition

19   transcript as a sanction.  The court will also grant Plaintiff's request to review the Griffith prosecution

20   file in camera to determine whether documents withheld and listed on the privilege log are actually

21   privileged.

22       **B.    Instructions not to Answer.**

23       The count has reviewed excerpts of Ms. Pieper's deposition and Ms. Coumou's instructions to

24   her not to answer questions.  The court finds that Ms. Coumou inappropriately instructed Ms. Pieper

25   not to answer questions on the following subject matters:

26       1.    Ms. Pieper's conversations with Griffith's defense counsel at the time of the May 1,

27            2008 hearing.

28       2.    What Mr. Griffith's defense lawyer told Ms. Pieper about why the case was negotiated.

7

3.    What problems the District Attorney's Office experienced in locating witnesses, and discussions about those problems.

4.    Whether any exculpatory evidence was presented to Ms. Pieper.

5.    Whether Nicholas Griffin or his attorney indicated their intent to testify in front of the Grand Jury.

6.    Whether anyone had discussed with Ms. Pieper the fact that Ms. Mazzeo had made a complaint against Gibbons.

Ms. Coumou's opposition to the Motion to Compel and for Sanctions states, without any citation to legal authority, that the questions Mr. Kossack asked in these subject matter areas were covered by the deliberative process privilege.

The Ninth Circuit has made it clear that facts and evidence are not protected by the deliberative process privilege. *Federal Trade Comm'n v. Warner Communications, Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984). Additionally, to be protected under the deliberative process privilege, a document must be both: 1) predecisional or antecedent to the adoption of agency policy; and 2) "deliberative," *i.e.* actually related to the process by which policies are formulated. *National Wildlife Fed'n v. United States Forest Service,* 861 F.2d 1114, 1117 (9th Cir. 1988). The government's deliberative and policy-making processes are shielded from discovery to encourage forthright and candid discussions of ideas with the goal of improving the decision-making process. *U.S. v. Fernandez,* 231 F.3d 1240, 1246 (9th Cir. 2000). The subject matter of questions identified in this order either do not involve the deliberative process privilege at all, or involve a waiver of the privilege by voluntary disclosure to Griffith's defense counsel. The majority of Mr. Kossack's questions attempted to ascertain facts and evidence, not Ms. Pieper's mental impressions. To the extent questions were asked about her thoughts, they were asked in the context of whether those thoughts were disclosed to Mr. Griffith's lawyer, or what Mr. Griffith's lawyer told the prosecutor.

///

///

///

///

8

Mr. Kossack's questions about exculpatory evidence are also not privileged.  In fact, Rule 3.8 of the Nevada Rules of Professional Conduct outlines the special responsibilities of a prosecutor.  Rule 3.8(d) provides that a prosecutor in a criminal case **shall**:

> Make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigate the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;

A prosecutor is required by the Fifth and Fourteenth Amendments to the United States Constitution to disclose specific types of evidence to defendants.  For example, a prosecutor is required to disclose to an accused evidence that is material or favorable to guilt or punishment.  *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Bagley*, 473. U.S. 667, 682 (1985).  A prosecutor is also obligated to disclose information that could be used to impeach prosecution witnesses, especially where a witness's testimony is an important part of the prosecutor's case.  *Giglio v. United States*, 405 U.S. 150 (1972). Rule 3.8 requires broader disclosures than the Supreme Court's constitutional mandates.  As such, the court categorically rejects the notion the prosecutor may invoke the deliberative process privilege to shield from disclosure what the prosecutor is required by law to disclose.

The court's prior order (Dkt. #162) granted the District Attorney's Office's Request for a Protective Order precluding the Plaintiff from asking questions of the prosecutor designed to explore the prosecution's mental impressions or deliberative processes.  However, the court denied the motion to the extent it sought to preclude counsel for Plaintiff from exploring factual information about Griffith's prosecution.  The court allowed counsel for Plaintiff the latitude of deposing the prosecutor in this case because he sought discovery concerning whether any of the Defendants in this case contacted or attempted to influence the District Attorney's Office in the Griffith prosecution.  The District Attorney's Office handling of the Griffith prosecution in which Mazzeo was the victim is a collateral matter.  The Plaintiff's claims in this case are based on an alleged conspiracy to deprive her of her constitutional rights in connection with her efforts to pursue a criminal prosecution against a high-profile Defendant.  The District Attorney's Office is not a Defendant in this action.  If any of the named Defendants contacted or attempted to influence the District Attorney's decision in the Griffith prosecution to discredit the Plaintiff or for some other improper purpose, that evidence would have a

tendency to support Mazzeo's claims.  However, the questions asked by counsel for Plaintiff which resulted in instructions not to answer involved in this motion went far afield of the purpose for which the deposition was allowed.  Applying the limitation provisions of Rule 26(b)(2)(C), the court finds that the burden or expense of re-deposing Ms. Pieper outweighs its likely benefit considering the needs of the case, the importance of the issues at stake in this case, and the importance of the discovery sought in resolving the issues involved in this case.

For the foregoing reasons,

**IT IS ORDERED** that:

1.    Plaintiff's Motion to Compel and for Sanctions (Dkt. #22) is **GRANTED in part** and **DENIED in part**.

2.    The Motion is granted to the extent the District Attorney's Office shall reimburse counsel for Plaintiff the cost of the court reporter's fee for attending and transcribing Ms. Meyer's deposition and providing an original and one copy of the transcript.

3.    The Clark County District Attorney's Office shall deliver, within ten days of the date of this order, the Griffith file at issue in this motion to the court for in-camera review, along with a copy of the privileged document log for the file.  The in-camera submission shall comply with the requirements of Local Rule 10-5.

4.    The Motion is denied in all other respects.

Dated this 26th day of July, 2010.

Peggy A. Leen
United States Magistrate Judge

10