# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISSY ISRAEL MAZZEO, | Case No.: 2:08-cv-01387-RLH-PAL |
| Plaintiff, | **ORDER** |
| vs. | (Motion for Reconsideration–#240; Motion to Strike–#241) |
| JAMES ARTHUR "JIM" GIBBONS; SIGMUND "SIG" ROGICH; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; BILL YOUNG; DOES 1–20, | |
| Defendants. | |

Before the Court is Plaintiff Chrissy Israel Mazzeo's **Motion for Reconsideration of Order** (#240), filed August 18, 2010.

Also before the Court is Defendants Las Vegas Metropolitan Police Department ("Metro") and Bill Young's **Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment** (#224), filed August 20, 2010.

**BACKGROUND**

This dispute arises from Plaintiff Chrissy Mazzeo's allegations that Defendant Jim Gibbons, the current governor of Nevada, battered, falsely imprisoned, and attempted to sexually

1

AO 72
(Rev. 8/82)

abuse her on October 13, 2006.  Mazzeo also alleges Rogich conspired with state officials (including Young) after the incident to deprive her of her First Amendment rights to free speech and to petition the government for redress of grievances by threatening her with retaliation. Mazzeo commenced this lawsuit on October 14, 2008.  For a detailed account of Mazzeo's factual allegations, the Court directs the parties to its previous order.  (*See* Dkt. #85, June 29, 2009.)

Defendants have each moved for summary judgment.  On March 5, Gibbons filed his Motion for Summary Judgment (#169), to which Rogich, Young, and Metro joined.  The Court afforded Mazzeo's counsel several extensions of time to respond to Gibbons' motion and also granted a request to enlarge the page limitation; however, the Court informed the parties it would no longer grant additional extensions or page enlargements.  (*See* Dkt. ##180, 193, 202.)  On April 16, Mazzeo filed her 72-page Opposition (#200)—688 pages including exhibits.

Young and Metro filed a Motion for Summary Judgment (#224) on June 16, and Rogich filed his First Motion for Summary Judgment (#226) on June 17.  Mazzeo's counsel did not timely respond to these motions; instead, he asked the Court for another extension.  (Dkt. #230, Mot. to Extend Time, July 16.)  The Court denied this request.  (Dkt. #238, Order, Aug. 3.) Notwithstanding, Mazzeo filed her response—755 pages including exhibits—to Defendants' motions on August 16, 2010.  (Dkt. #239, Opp'n.)  Two days later, Mazzeo filed a Motion for Reconsideration (#240) of the Court's denial.  The untimely response and violation of the Court's order prompted Metro and Young to file a Motion to Strike Plaintiff's Response (#241).  For the reasons discussed below, the Court denies Mazzeo's motion for reconsideration and grants Metro and Young's motion to strike.

**DISCUSSION**

I.  **Motion for Reconsideration**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b).  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The

1    Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent
2    highly unusual circumstances, unless the district court is presented with newly discovered
3    evidence, committed clear error, or if there is an intervening change in the controlling law."
4    *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)
5    (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Under Rule
6    60(b), a court may relieve a party from a final judgment, order or proceeding only in the following
7    circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
8    evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other
9    reason justifying relief from the judgment.

10             A motion for reconsideration is properly denied when the movant fails to establish
11   any reason justifying relief.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding
12   that a district court properly denied a motion for reconsideration in which the plaintiff presented no
13   arguments that were not already raised in his original motion).  Motions for reconsideration are not
14   "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp.
15   1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant
16   one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va.
17   1977).

18             Mazzeo's counsel does not reveal under which Rule he brings the motion, but the
19   motion has merit under neither.  The motion for reconsideration fails to establish any reason to
20   justify relief from the Court's previous order because counsel simply encourages the Court to
21   consider the ramifications of its decision, which he feels would dismiss two years of counsel's
22   work and deny Mazzeo her day in court.  The Court disagrees.  Although the Court's denial
23   rendered the motions unopposed, the Court will not grant Defendants' summary judgment motions
24   on a technicality.  The Court will consider the merits of these motions in the interest of justice.
25   Nevertheless, the Court cannot allow litigants and practitioners (including sole practitioners) to
26   disregard deadlines, rules, or clear warnings.  As the previous orders plainly stated, the Court has

grown weary of the multitude of lengthy motions, responses, and replies in this case—not to mention the multiple requests for time extensions. (*See* Dkt. ##202, 238.) Counsel was *explicitly* warned that "no further extensions of time nor enlargements of page limitations [would] be granted." (Dkt. #202, Order 2, April 19, 2010.) Accordingly, the Court denies Mazzeo's motion.

**II.     Motion to Strike**

Defendants Metro and Young filed a motion to strike Mazzeo's untimely response to their motion for summary judgment. The Court grants this motion because the opposition was filed in violation of the Court's order. In the future, the Court will not hesitate to impose sanctions on a party who violates a Court order.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff Chrissy Israel Mazzeo's Motion for Reconsideration (#240) is DENIED.

IT IS FURTHER ORDERED that Defendants Metro and Young's Motion to Strike (#241) is GRANTED. The Court therefore strikes Plaintiff's Opposition (#239) from the record.

Dated: August 30, 2010.

_____
ROGER L. HUNT
Chief United States District Judge