# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISSY ISRAEL MAZZEO, | Case No.: 2:08-cv-01387-RLH-PAL |
| Plaintiff, | **ORDER** |
| vs. | (Motion to Strike–#245; Motion for Reconsideration–#246; Motion for Reconsideration–#248) |
| JAMES ARTHUR "JIM" GIBBONS; SIGMUND "SIG" ROGICH; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; BILL YOUNG; DOES 1–20, | |
| Defendants. | |

Before the Court is Defendants Las Vegas Metropolitan Police Department and Bill Young's (collectively referred to as "Metro Defendants") **Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment** (#245), filed September 10, 2010.  The Court has also considered Plaintiff Chrissy Israel Mazzeo's Opposition (#247), filed September, 12, 2010, and Metro and Young's Reply (#249), filed September 15, 2010.

Also before the Court is Mazzeo's **First Motion for Reconsideration of Order** (#246), filed September 12, 2010, and **Second Motion for Reconsideration of Order** (#248), filed September 14, 2010.  Although Metro Defendants have filed an Opposition (#250, Sept. 29,

1

AO 72
(Rev. 8/82)

2010) to the first motion, the Court shall consider these motions without any further briefing as the issues have been repeatedly addressed by the parties. Additional briefing would only prolong what has become an increasingly compound litigation.

**BACKGROUND**

This dispute arises from Plaintiff Chrissy Mazzeo's allegations that Defendant Jim Gibbons, the current governor of Nevada, battered, falsely imprisoned, and attempted to sexually abuse her on October 13, 2006. Mazzeo also alleges Gibbons and Rogich conspired with state officials after the incident to deprive her of her constitutional rights. For a detailed account of Mazzeo's factual allegations, the Court directs the parties to its June 29, 2009 Order (Dkt. #85), *Mazzeo v. Gibbons et al*, 649 F.Supp.2d 1182 (D. Nev. 2009).

Defendants have each moved for summary judgment. On March 5, 2010, Gibbons filed his Motion for Summary Judgment (Dkt. #169), to which Rogich and Metro Defendants joined. The Court afforded Mazzeo's counsel, Robert J. Kossack, several extensions of time to respond to Gibbons' motion and also granted his request to enlarge the page limitation. (Dkt. ##180, 193, 202, Orders.) However, the Court informed the parties, "no further extensions of time nor enlargements of page limitations will be granted." (Dkt. #202, Order, Apr. 19, 2010.) Mazzeo filed a 688-page Opposition (including exhibits). (Dkt. #200, Apr. 16, 2010.)

Gibbons filed his summary judgment motion before the close of discovery, which Magistrate Judge Leen previously extended through May 17, 2010. (Dkt. #159, Order, Feb. 2, 2010.) After Gibbons filed his motion, Judge Leen granted Mazzeo's request to take additional depositions. (Dkt. #178, Order, Mar. 26, 2010.) On April 16, Mazzeo filed a motion in which she asked the Court for a continuance pursuant to Rule 56(f) to supplement her response to Gibbons' motion. (Dkt. #201.) The Court denied Mazzeo's motion, but stated, "the Court will consider discovery yet to be taken in determining whether Defendants have met their burden of establishing the absence of material questions of fact, when it considers the motion for summary judgment." (Dkt. #202, Order 2.) During the first two weeks of May, the parties deposed Defendants Young

and Rogich, as well as Danielle Pieper, Michelle Diegel, Kimberly Hartnett, and police detectives Michael Hnatuick and Timothy Barker. (Dkt. #246, Pl.'s Mot. Ex. 76–78, 81–83, 85.)

After the close of discovery, Metro Defendants filed a Motion for Summary Judgment (Dkt. #224, June 16, 2010), and Rogich filed his First Motion for Summary Judgment (Dkt. #226, June 17, 2010). Mr. Kossack did not timely respond to these motions, but instead asked the Court for another extension. (Dkt. #230, Pl.'s Mot., July 16, 2010.) The Court denied this request for three reasons: Mr. Kossack allowed the response deadlines to pass and then asked the Court for an extension of time to respond, Mr. Kossack failed to show excusable neglect, and because the April 19 Order explicitly warned the parties it would not grant any further extensions of time. (Dkt. #238, Order, Aug. 3, 2010.) Mr. Kossack also asked the Court for leave to supplement his response to Gibbons' motion, and informed the Court that he wanted "to proceed as if Plaintiff's FRCP 56(f) motion were granted and update the entire response based on the depositions taken and evidence received since April 16, 2010, when the last response was filed." (Dkt. #230, Mot. 2.) However, Mr. Kossack failed to submit a proposed supplemental response, deposition transcripts, or provide any other colorable reason for the Court to grant his motion. As a result, the Court denied Mr. Kossack's request. (Dkt. #238.)

Mr. Kossack ignored the Court's order and filed a 755-page response (including exhibits) to Metro Defendants and Rogich's motions. (Dkt. #239, Aug. 16, 2010.) Two days later, Mr. Kossack filed a Motion for Reconsideration (#240, Aug. 18, 2010) of the Court's denial. The untimely response and violation of the Court's order prompted Metro Defendants to file a Motion to Strike Plaintiff's Response (#241, Aug. 20, 2010). The Court denied Mr. Kossack's motion for reconsideration, granted Metro Defendants' motion to strike, and ordered Mazzeo's response stricken from the record. (Dkt. #243, Order, Aug. 30, 2010.) The Court held that Mr. Kossack failed to establish any reason to justify relief from the previous order:

> [Mr. Kossack] simply encourages the Court to consider the ramifications of its decision, which he feels would dismiss two years of counsel's work and deny Mazzeo her day in court. The Court disagrees. Although the Court's denial

3

rendered the motions unopposed, the Court will not grant Defendants' summary judgment motions on a technicality. The Court will consider the merits of these motions in the interest of justice. Nevertheless, the Court cannot allow litigants and practitioners (including sole practitioners) to disregard deadlines, rules, or clear warnings.

(*Id* at 3.)

Despite the fact that the Court already granted Metro Defendants' motion to strike, Mr. Kossack filed an opposition one week later. (Dkt. #241, Sept. 6, 2010.) In reaction, Metro Defendants filed another Motion to Strike (Dkt. #245, Sept. 10, 2010.) Mr. Kossack then filed a First Motion to Reconsider (Dkt. #246, Sept. 12, 2010) the Court's Order (Dkt. #202) denying a Rule 56(f) continuance, and a Second Motion to Reconsider (Dkt. #248, Sept. 14, 2010) the Court's Order (Dkt. #243) denying his motion to reconsider (Dkt. #238). For the reasons discussed below, the Court grants Metro Defendants' motion to strike and denies Mazzeo's motions for reconsideration.

## DISCUSSION

**I.     Metro Defendants' Motions to Strike**

    **A.     Legal Standard**

Pursuant to Rule 12(f), a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. Thus, a motion to strike under Rule 12(f) is limited to pleadings. *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E.D. Cal. 1999) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). However, a district court has the inherent power to strike a party's submissions other than pleadings. *See Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988), *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05-0815-PHX-ROS, 2005 WL 3434718, at *3 (D. Ariz. Dec. 13, 2005); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (recognizing the district court's inherent power and discretion to sanction litigants or attorneys). The alternative basis for striking improper filings is the district court's "inherent power over the administration of its business. It has inherent authority

1   to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for
2   the management of litigation . . . ." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir.1995)
3   (citations omitted).
4       **B.**    **Analysis**
5       Metro Defendants have now filed a second motion to strike (Dkt. #245) Mazzeo's
6   response (Dkt. #244, Sept. 7, 2010) to their first motion to strike (Dkt. #241), which the Court
7   granted in its August 30 Order (Dkt. #243) issued one week prior to the response. Mr. Kossack
8   asserts two basic arguments in opposition: the Court lacks authority under Rule 12(f) to grant
9   Metro Defendants' second motion to strike (just as it lacked authority to grant the first motion to
10  strike), and his response was proper because the Court granted Metro Defendants' first motion
11  before he had an opportunity to respond. The Court will address both assertions within the context
12  of each motion.
13      **i.**    **First Motion to Strike (Dkt. #241)**
14      The Court granted Metro Defendants' first motion pursuant to its inherent authority
15  to strike inappropriate submissions—not Rule 12(f). In fact, the Court made no reference to Rule
16  12(f) in its August 30 Order (Dkt. #243). The Court found it appropriate to strike Mazzeo's
17  Opposition (Dkt. #239) because Mr. Kossack filed the response in clear violation of the August 3
18  Order (Dkt. #238). Although Mr. Kossack argues that the Court lacked the authority to do so
19  under Rule 12(f), the Court had inherent authority to strike the fugitive document. Any other
20  result would render the Court's orders completely ineffective and cripple the Court's ability to
21  manage its docket or regulate insubordinate attorney conduct.
22      Mr. Kossack also argues that the Court improperly granted the first motion because
23  he did not have an opportunity to respond. He cites a Ninth Circuit case to support this assertion.
24  *Heinz v. Commissioner of Internal Revenue*, 770 F.2d 874, 876 (9th Cir.1985) ("A court may only
25  grant a motion *sua sponte* if all parties have a full opportunity to address the issue."). Since July,
26  the central "issue" in this case has been Mazzeo's efforts to oppose Metro Defendants and

AO 72
(Rev. 8/82)

1  Rogich's summary judgment motions.  Mr. Kossack addressed that issue in his Motion to Extend
2  Time (Dkt. #230), Reply (Dkt. #233), and Motion for Reconsideration (Dkt. #240).  The Court
3  denied his motions, yet he filed Mazzeo's Opposition (Dkt. #239) anyway.  Even if Young and
4  Metro had not filed the first motion to strike, the Court could have ordered this response stricken
5  from the record without running afoul of the Ninth Circuit's point in *Heinz*.  *See Hoffman v.*
6  *Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (holding that a district court retain discretion to
7  "weed out frivolous or simply repetitive motions") (citing *Knox v. Sw. Airlines*, 124 F.3d 1103,
8  1106 (9th Cir. 1997)); *see also Morrison v. Beach City, LLC*, 991 P.2d 982, 984 (Nev. 2000)
9  (reversing the district court's error in denying appellant's motion to strike an improper fugitive
10 document, which is not properly considered as part of the record or given legal effect).  The Court
11 simply cannot allow Mr. Kossack's retaliatory actions to undermine the judicial process.  As a
12 result, the Court was well within its discretion to strike a fugitive document from the record.

                **ii.**         **Second Motion to Strike (Dkt. #245)**

14         Likewise, the Court grants the second motion to strike Mr. Kossack's response
15 (Dkt. #244) to a motion the Court previously granted.  This response reads much like his other
16 responses and motions to reconsider: Mr. Kossack questions the Court's basis for striking
17 Mazzeo's unauthorized response (Dkt. #239) and then issues an impudent threat to appeal the
18 Court's decision.  (Dkt. #244, Opp'n 6–7.)  Despite his disagreement with the Court's decisions,
19 Mr. Kossack cannot ignore the Court's orders and proceed as he chooses.  It should go without
20 saying that a party need not oppose a motion which the Court has already granted.  In effect, Mr.
21 Kossack is thumbing his nose at the Court.  Nevertheless, the Court has considered Mr. Kossack's
22 latest response (Dkt. #247) and finds no reason why it should allow a fugitive document to remain
23 on the record.  Accordingly, the Court grants Metro Defendants' motion to strike.

24         In this motion, Metro Defendants also ask the Court to award sanctions of $800 in
25 attorney's fees to partially compensate the expenses they incurred filing two motions in response
26 to these fugitive documents.  The Court declines to do so at this time.  Although erroneously filed,

AO 72
(Rev. 8/82)

this response (Dkt. #244) was not in direct violation of the Court's August 30 Order (Dkt. #243). The Court notes, however, that his response certainly violated the spirit and intent of the Order. Therefore, the Court reprimands Mr. Kossack for these filings and cautions him for the last time to refrain from any additional conduct that would undermine the decorum of the Court. If Mr. Kossack fails to comply, the Court will promptly issue an order to show cause as to why this Court should not impose sanctions.

## II.     Mazzeo's Motions for Reconsideration

### A.     Legal Standard

Although they are not explicitly mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) (Motion to Alter or Amend a Judgment) and 60(b) (Grounds for Relief from a Final Judgment). These two rules generally apply to a final judgment. Likewise, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted); *see also* Fed. R. Civ. Pro. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment"). Thus, all district court rulings are subject to revision at any time before the entry of judgment so long as the court retains jurisdiction over a case. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (emphasis omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting

7

reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not the proper vehicles for rehashing old arguments, *see Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995), and are "not intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

**B.     Analysis**

**i.     Reconsideration of Order (Dkt. #202) Denying Rule 56(f) Continuance**

Rule 56(f) allows a party opposing summary judgment who has not had sufficient time to complete discovery, to move for a continuance of the proceedings pending the completion of discovery. *THI-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir. 1980); Fed. R. Civ. Pro. 56(f)(2) (the court may "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken").

Mr. Kossack asks the Court to reconsider its denial of a Rule 56(f) continuance. In his motion, however, Mr. Kossack states that "[d]iscovery has been completed." (Dkt. #246, Mot. 3.) He then reveals his true motive, "Mazzeo now moves this Honorable Court to . . . honor its commitment to consider the discovery which had not been completed as of the time Mazzeo filed her Motion for FRCP 56(f) Continuance." In actuality, this motion seeks the same result as Mr. Kossack's two other motions to reconsider: leave to file a voluminous opposition to Metro Defendants and Rogich's motions for summary judgment. Because discovery is now closed, a Rule 56(f) continuance is inappropriate. Accordingly, the Court denies this motion for reconsideration.

/

AO 72
(Rev. 8/82)

ii. **Reconsideration of Order (Dkt. #243) Denying Mazzeo's Motion for Reconsideration (Dkt. #238)**

Mr. Kossack contends that the Court applied the incorrect legal standard to his previous motions for reconsideration because it referenced Rules 59 and 60, which address final judgments. Mr. Kossack states that the Court derives its inherent power to reconsider an interlocutory order from the common law as opposed to the Federal Rules of Civil Procedure. Further, the standard for reconsidering an interlocutory order is broader than the standard for considering such motions filed pursuant to Rules 59 and 60. Specifically, he argues that the Court should consider the manifest injustice of its previous order, the highly unusual circumstances of this case, and the Court's own assurances that it would consider discovery yet to be taken as of April 19, 2010.

Mr. Kossack seems to conclude that the Court is unaware of its own authority to reconsider an interlocutory order under federal common law. That assumption is incorrect. Although the Court referenced Rules 59 and 60 in the order, the Court also stated that Kossack "fail[ed] to establish *any reason* to justify relief from the Court's previous order because counsel simply encourage[d] the Court to consider the ramifications of its decision." (Dkt. #243, Order 3 (emphasis added).) Mr. Kossack failed to submit a proposed supplemental response, deposition transcripts, or any provide any other colorable reason for the Court to grant his motion. The Court therefore found no valid reason why the court should revisit its prior order. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (quoted in Dkt. #243, Order 3); *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

Mr. Kossack correctly points out that highly unusually circumstances surround this case. Some of those uncommon circumstances are unavoidable because of the high-profile nature of this case. However, the parties and their counsel have played a large part in the extraordinary case management issues by engaging in less than collegial and downright contentious litigation tactics. So much so, Magistrate Judge Leen found it necessary to admonish Mr. Kossack and

1  Metro Defendants' counsel, Walter Cannon, for engaging in conduct that violated the Federal
2  Rules of Civil Procedure. (Dkt. #236, Order, July 27, 2010.)  The proceedings in this Court have
3  been no different.  Mr. Kossack has filed several *ex parte* motions for time extensions, failed to
4  meet deadlines, filed a response in violation of a Court order, filed a response to a motion that was
5  already granted, ignored clear warnings and threats of sanctions, and now he has filed a motion for
6  reconsideration of the Court's order denying his motion for reconsideration.  It seems as though
7  Mr. Kossack believes he will persuade the Court by simply wearing it down.

On the other hand, Mr. Kossack's recent statements suggest he plans to strong-arm
the Court into granting his motions by alleging a "second coverup." (Dkt. #249, Pl's 2d Mot. for
Reconsideration 15.) Mr. Kossack states,

> There is a present danger of creating an appearance that other influences may have been at work and the court's objectivity lost causing the public to lose faith in its judiciary. Such a prospective appearance of impropriety is magnified in this case since Rogich now heads up Republicans for Harry Reid, the United States Senator who saw this Honorable Court's judge's nomination to the federal bench.

(*Id.*) This unsubstantiated comment is Mr. Kossack's blatant attempt to characterize the Court as biased, but he seems to reach this conclusion using no more than the results of a "six degrees of separation" game. In fact, the Court has never met Rogich. Nor has the Court spoken to Senator Reid about Rogich or this case. Whatever political position Rogich may or may not hold has no influence on the Court's decisions. Perhaps Mr. Kossack has forgotten that his client has received several favorable rulings from this Court, which include granting Mazzeo's motion to amend, denying Defendants' motions to dismiss, granting Mazzeo's motion to dismiss Rogich's counterclaim (and denying Rogich's motion to reconsider that decision), and granting several time and page enlargements. In addition, Magistrate Judge Leen has issued several discovery rulings in Mazzeo's favor. Ultimately, the Court is not influenced by Mr. Kossack's assertions and is confident that the record reflects the Court's impartiality.

The Court finds no manifest injustice in its decision to disallow Mazzeo another time extension after the response deadline had passed or its decision to deny a motion for

reconsideration (Dkt. #240, Aug. 18, 2010) that failed to include a proposed response or deposition transcripts (which were available to counsel since May). These actions do not reflect diligent and skillful legal representation. Moreover, the Court cannot accept the proposed supplemental response (Dkt. #246, Ex. 1) to Gibbons' motion that Mr. Kossack now presents because it repeatedly cites to pages of the deponents' testimony that were not included in the proposed exhibits. (*Id.* 1:17, 1:21, 1:26, 2:10 (Ex. 76, Rogich Dep. 12–14, 32–33, 18, 102), 3:8, 3:10–13, 3:16 (Ex. 77, Young Dep. 19–21, 26, 29–30, 78), 4:4–6, 4:15 (Ex. 81, Hartnett Dep. 9, 13–15, 20, 37–38, 41), 5:21–23, 5:25–26 (Ex. 78, Diegel Dep. 25–27, 29, 31, 34, 59, 74), 6:3, 6:5–6, 6:8–9 (Barker Dep. 36–37, 69, 73) 6:18–19, 6:21 (Ex. 82, Hnatuick Dep. 87, 143), 7:7 (Ex. 85, Pieper Dep. 22).) The Court cannot consider Mr. Kossack's bare page citations in evaluating the summary judgment motions without the *specific evidence*—the proffered deposition testimony. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991) (a nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists"). The Court therefore denies Mazzeo's Second Motion for Reconsideration.

      Nevertheless, the Court is inclined to accept several of Mazzeo's proposed exhibits for the purpose of considering Metro Defendants and Rogich's summary judgment motions. These exhibits include the deposition testimony of Defendants Young and Rogich, as well as Danielle Pieper, Michelle Diegel, Kimberly Hartnett, Metro detectives Michael Hnatuick and Timothy Barker, and the declaration of James Kimsey. (Dkt. #246, Pl.'s Mot. Ex. 76–79, 81–83, 85.)

/
/
/
/
/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Metro and Young's Motion to Strike (#245) is GRANTED. The Court therefore instructs the Clerk of the Court to strike Plaintiff's Opposition (#244) from the record.

IT IS FURTHER ORDERED that Plaintiff Chrissy Israel Mazzeo's First Motion for Reconsideration (#246) and Second Motion for Reconsideration (#248) are DENIED. The Court will accept the following exhibits for consideration in Defendants' motions for Summary Judgment:

- Exhibit 76, Deposition of Sigmond Rogich, May 5, 2010.
- Exhibit 77, Deposition of William Young, May 14, 2010.
- Exhibit 78, Deposition of Michelle Diegel, May 12, 2010.
- Exhibit 79, Declaration of James Edward Kimsey.
- Exhibit 81, Deposition of Kimberly Harnett, May 17, 2010.
- Exhibit 82, Deposition of Michael Hnatuick, May 6, 2010.
- Exhibit 83, Deposition of Timothy Barker, May 3, 2010.
- Exhibit 85, Deposition of Danielle Pieper, May 12, 2010.

Dated: September 30, 2010.

_____
ROGER L. HUNT
Chief United States District Judge