# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISSY ISRAEL MAZZEO, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-01387-RLH-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JAMES ARTHUR "JIM" GIBBONS, *et al.*, ) | (Emg. Mot to Lift Stay - Dkt. #263) |
| ) | |
| Defendants. ) | |

Before the court is Plaintiff's Emergency Motion to Lift Stay and for a Local Rule 16-2 Conference (Dkt. #263). The court has considered the Motion, Defendants Las Vegas Metropolitan Police Department's and Bill Young's Opposition (Dkt. #265), and Defendant Gibbons' Joinder (Dkt. #266).

On October 28, 2010, the district judge entered an Order (Dkt. #254) granting in part and denying in part Defendants' Motions for Summary Judgment (Dkt. ##169, 224, 226). By operation of LR 26-1(e), the parties were required to file a Joint Pretrial Order thirty days from decision of dispositive motions. Counsel for Plaintiff provided counsel for Defendants with Plaintiff's draft of the Joint Pretrial Order and requested the Defendants submit their contributions to the Joint Pretrial Order. However, counsel for the Defendants have not responded. Plaintiff seeks an order compelling the Defendants to participate in preparation of the Joint Pretrial Order and lifting the stay on the grounds neither Defendant Young nor Rogich have complied with the provisions of 28 U.S.C. § 1292(b).

Defendant Bill Young filed a Notice of Appeal challenging the district judge's denial of qualified immunity. As a result, counsel for Young argues the district court is "divested of jurisdiction for all matter implicated in the scope of the appeal." Young cites Ninth Circuit and the Supreme Court authority for the proposition that the Court of Appeals has jurisdiction under 28 U.S.C. § 1291 over an

interlocutory appeal regarding issues of qualified immunity. Counsel for Young contends that the entire case should be stayed until the Ninth Circuit resolves the two issues of his qualified immunity defense. Defendant Gibbons filed a joinder which also argues that this court is divested of jurisdiction for all matters before it because of Defendant Young's notice of appeal. Defendant Rogich also filed a notice of appeal, but has not responded to Plaintiff's motion.

It is well established that a district court's denial of summary judgment on qualified immunity is a final decision subject to interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 525-527 (1985). Although one or more of Plaintiff's claims may not be subject to a qualified immunity defense, all of the claims in this case which have survived summary judgment are inextricably intertwined. The claims all arise out of events on or after the date Plaintiff claims Defendant Gibbons assaulted her, and all relate to Defendants' conduct involving the assault claim. The court finds that proceeding with this case while the appeals of Defendants Young and Rogich are pending would be wasteful of the parties' resources and contrary to the interests of judicial economy. As such, the court will stay the parties' obligation to submit a joint pretrial order until thirty days after decision of Defendants' Young and Rogich's interlocutory appeals.

**IT IS ORDERED** that:

1. Mazzeo's Emergency Motion to Lift Stay and for a Local Rule 16-2 Conference (Dkt. #263) is **DENIED**.
2. The parties shall have thirty days from decision of the Defendants' pending interlocutory appeals in which to file the joint pretrial order as to any claims which survive summary judgment and/or interlocutory appeal.

Dated this 23rd day of December, 2010.

_____
Peggy A. Leen
United States Magistrate Judge